Case 41—PETITION EQUITY—February 26.

# Vallandingham v. Johnson.

APPEAL FROM SIMPSON CIRCUIT COURT.

1. The deed of an infant is not void, but voidable only.

2. A voidable act of an infant may be avoided by an act of equally as solemn a nature. Therefore, a conveyance of real estate executed by an infant may be disaffirmed by the grantor after he becomes of age by a conveyance of the same premises to a third person; and it is not necessary, in order to make the subsequent conveyance effectual, that the grantor should place the first purchaser in *statu quo*.

   H., an infant, sold land to J. by title bond, and subsequently, while still an infant, sold and conveyed the same land to V. Immediately after he became of full age he conveyed the land to J., as he had contracted by his title bond to do. *Held*—That the conveyance to J. was a disaffirmance of the conveyance to V.

3. While an infant is not privileged to commit a fraud, yet the fact that the infant has induced one to purchase his land upon the faith of his representation that he was of full age can not avail such purchaser in a contest between him and an innocent purchaser to whom the grantor has conveyed since he became twenty-one years of age.

4. A title bond is not a recordable instrument, and the recording of it does not operate as constructive notice.

5. Action to Quiet Title.—One who claimed an undivided interest in a tract of land brought this action to quiet his title. Both he and the defendant owned other interests, each claiming the superior title to the interest in contest, the defendant being in possession of the land. *Held*—That as they were joint owners the possession of one was the possession of both, and the defendant's possession being that of plaintiff the action may be maintained.

WM. LINDSAY for appellant.

1. As appellee did not have actual and adverse possession of the land, a court of equity had no jurisdiction to render the judgment quieting his title. It is not enough to show possession as a coparcener under an agent or tenant who represents as well the defendant as the plaintiff.

2. The preponderance of the evidence shows that the grantor, Horn, was twenty-one years of age when he conveyed to appellant, and he thereby not only repudiated his contract with appellee, but disabled himself from thereafter ratifying it.

Vallandingham v. Johnson.

3. Even though Horn was not of age when he sold and conveyed to ap-
pellant, yet as he induced appellant to purchase by his representation
that he was of full age, he can not repudiate his deed to appellant,
appellee knowing when *he* purchased that Horn was of age.
(Schmitheimer v. Eiseman, 7 Bush, 300; 1 Story's Equity, 385; 8 B.
M., 543; 14 B. M., 513; Herman on Estoppel and Res Judicata
(edition 1886), section 1119, and authorities cited.

   Nor does it matter that the false representation was made through
an agent, as the infant procured it to be made.  (Casey v. Gretchen, 2
*Moo.*, 49–51; Herman on Estoppel and Res Judicata, sec. 1118.)

4. Appellee's title bond was not a recordable instrument, and therefore ap-
pellant had no notice of it, while appellee, at the time he accepted his
*deed,* had notice of appellant's deed, which was properly of record.
This relegates the parties to their original contracts.

R. RODES on same side.

1. Appellee has not shown such possession as will enable him to maintain
this action.

2. The evidence shows that Horn was of full age when he executed the
deed to appellant, and he thereby disaffirmed the title bond to ap-
pellee.  (Waite's Actions and Defenses, vol. 7, p. 147; Tyler on In-
fancy and Coverture, pp. 71, 72, 73, 74; 2 Kent's Com., side page 238,
note b; Pomeroy's Eq. Juris., sec. 945.)

3. As the title bond was not a recordable instrument, appellant had no no-
tice of appellee's purchase when Horn conveyed to him.

4. Even if Horn was not of full age when he conveyed to appellant, the
conveyance to appellee was not of itself sufficient to disaffirm the
conveyance to appellant.  To give it that effect there should have
been previous actual entry by the grantor upon the land, and he should
have restored the consideration received.  (4 Sandf. Rep., 421; Tyler
on Infancy and Coverture, pp. 73, 78 and 79; 2 Kent's Com., pp. 240,
241; Bailey v. Bamberger, 11 B. M., 114; Petty v. Roberts, 7 Bush,
418.)

5. As to who can avoid an infant's deed.  (Waite's Actions and Defenses,
vol. 7, p. 144; 2 Kent's Com., 237.)

EDWARD W. HINES for appellee.

1. Appellee was in possession through an agent, which was sufficient to
enable him to maintain this action.

2. The evidence clearly establishes the fact that Horn was still a minor
when he executed the conveyance to appellant.  That conveyance
was, therefore, disaffirmed by the conveyance to appellee executed after
the grantor arrived at age.  (Tyler on Infancy and Coverture, p. 73;
Cresinger v. Welch, 45 Am. Dec., 565 (15 Ohio, 156); Youse v. Nor-
coms, 12 Mo., 549; s. c. 51, Am. Dec., 175; Peterson v. Laik, 25 Mo.,
544.)

3. It is not necessary to give effect to such a disaffirmance that the infant should first place the other party in *statu quo*. (Tucker, &c., v. Moreland, 10 Pet. (U. S.), 72; Jackson v. Carpenter, 11 Johns. Rep., 539; Jackson v. Burchin, 14 Johns. Rep., 124; Chandler, &c., v. Simmons, 97 Mass., 514; Gibson v. Soaper, 6 Gray, 281; Walsh v. Young, 110 Mass., 399.)

4. The appellee is not estopped even if the grantor would be. He ought not to be punished for the fraud of his vendor.

I. H. GOODNIGHT OF COUNSEL ON SAME SIDE.

JUDGE HOLT DELIVERED THE OPINION OF THE COURT.

N. H. Horn sold to the appellee, Johnson, on October 14, 1881, by title bond, his undivided interest in a tract of land. He was then an infant. The bond recited that he would become of age in December, 1882, and that he would then convey by deed. The vendee had the bond recorded in the county where the land lies; but the record of it was destroyed by fire in May, 1882. It was, however, not a recordable instrument, and could not, therefore, operate to give constructive notice of the purchase to third parties. On January 3, 1883, Horn, for value, conveyed the same landed interest to the appellant, Vallandingham, and the deed was recorded in the proper office. It is evident that both vendees purchased in good faith. It is equally, if not more plainly evident, that the same can not be said of Horn. No regard for even common honesty actuated him in the transaction.

There are some circumstances in the case which tend to create the belief that he became of age on December 19, 1882; but viewed by the light of the entire testimony, the conclusion is inevitable that this is not so; and that he did not reach his majority until December 19, 1883. He was, therefore, an infant when he exe-

cuted the deed to Vallandingham.  On December 20, 1883, and which was the next day after he became of age, he, in conformity to his title bond, executed a deed, which was properly recorded, to his brother-in-law, the appellee, Johnson.  The latter brought this action to quiet his title to the N. H. Horn interest and have it·declared superior to that of Vallandingham.

Each of them owned other interests in the tract of land ; and each, from the time of his purchase from Horn, claimed the interest in contest.  They were joint tenants or owners, and the possession of one was that of both.

It is urged, as is true, that an infant is not privileged to commit a fraud ; and that Horn induced the appellant, Vallandingham, to purchase by representing to him that he was of age.  The testimony is conflicting upon this point ; but conceding that it so establishes, yet this is a contest between two innocent purchasers, and not between one of them and Horn.

The validity of the deed to Vallandingham is the main question, therefore, to be considered.

Much diversity of opinion has existed as to whether the deed of an infant is void or voidable at common law.  Some have held that it depended upon whether there was a semblance of benefit to him or not ; that if it necessarily operated to his prejudice, then it was void ; but if it might result in benefit to him, then it was merely voidable.  In the leading case of Zouch v. Parsons, 3 Burr., 1804, Lord Mansfield said that the true ground upon which an infant's deed is voidable only was not settled, some holding that it depended upon the solemnity of the instrument, and its

delivery by the infant himself, and others upon the semblance of benefit to him appearing upon its face.

The decisions upon the question, both English and American, are numerous; but the Supreme Court of the United States, in the case of Tucker, &c., v. Moreland, 10 Peters, 58, said: "The result of the American decisions has been correctly stated by Mr. Chancellor Kent in his learned Commentaries (2 Com., section 31), to be, that they are in favor of construing the acts and contracts of infants generally to be voidable only and not void, and subject to their election, when they become of age, either to affirm or disallow them; and that the doctrine of Zouch v. Parsons has been recognized and adopted as law. It may be added that they seem generally to hold, that the deed of an infant conveying land is voidable only and not void, unless, perhaps, the deed should manifestly appear on the face of it to be to the prejudice of the infant, and this upon the nature and solemnity as well as the operation of the instrument."

The deed to Vallandingham was voidable only, and the question arises whether it has been avoided by Horn. If so, it was by the deed to Johnson. An infant may avoid his act or contract in various ways, depending upon the nature of the transaction and the circumstances of the case. If the act be a matter *in pais*, it may be avoided by an act *in pais* of equal notoriety. Certainly, if the act of avoidance be of as solemn a nature as that to be avoided, it will be effectual. It need not always be of as high a nature, because a deed may be avoided by a plea; but if the

act of disaffirmance be as high and solemn, then it can not be impeached as insufficient. Under the old mode of conveying, if the infant had given livery of seizin there must be a re-entry by him, with an expression of his dissent, because the act of avoidance in order to disaffirm the first act had to be of equal notoriety. The rule as to a feoffment, however, does not apply to a conveyance by bargain and sale. There is no reason why it should. Both principle and authority dictate that the infant should be allowed to manifest his dissent in the same manner as he first assented to convey.

The early cases of Jackson v. Carpenter, 11 John., 539, and Jackson v. Burchin, 14 John., 124, announced this doctrine, and were followed by our Supreme Court in Tucker, &c., v. Moreland, *supra*.

The reason which required an entry to avoid a feoffment supports the rule that it is not necessary where the conveyance is by deed. The one was an alienation *in pais ;* the entry upon the land attended by certain formalities transferred the right. Hence a re-entry was necessary, with an expression of dissent, to divest the livery of seizin, else the avoidance was not shown by an act of equal notoriety or solemnity. One deed of bargain and sale is, however, equally notorious and solemn with another ; and there is no reason why an infant should be required to do more by way of disaffirmance than was necessary upon his part at the outset to manifest his assent to the conveyance.

The present rule follows out the reason in the case of a feoffment, which required a re-entry for the purpose of notoriety.

A review of all the cases at hand shows that the rule that a subsequent conveyance by an infant amounts to a disaffirmance is well settled.

Tyler on Infancy and Coverture, section 31, says: "The infant may also disaffirm his conveyance of real estate by a reconveyance of the same premises to a third person." See also the cases of Youse v. Norcoms, 51 Amer. Dec., 175 ; Peterson v. Laik, 25 Mo., 544 ; Cresinger v. Welch, 15 Ohio, 156.

In the case now in hand, the conveyance to Johnson, made without delay after Horn became of age, was of equal solemnity with that to Vallandingham, and was a disaffirmance of it.

Nor was it necessary, in order that it might be effective, that the infant should place the other party in *statu quo* by returning to Vallandingham what he had received from him.  Morality and common honesty should prompt him to do so ; but this controversy is between two innocent purchasers, whose equities are at least equal, if, indeed, that of Johnson, by reason of the priority of his purchase, is not superior.

Judgment affirmed.