CASE 28—PETITIO  ORDINARY—MARCH 29.

## Adkins, &c., v. Whalin.

APPEAL FROM BUTLER CIRCUIT COURT.

CHAMPERTY.—While a sale by one tenant in common to his co-tenant of his undivided interest in the land is not champertous, that rule has no application in this case.

All of several tenants in common, except V, sold their interest in the land to a stranger to the title, who sold the *whole* land, including V's interest, to another stranger to the title, and the latter entered upon the land in his own right, and was holding the actual adverse possession of the *whole* tract when V sold his interest to A, who was also a stranger to the title. *Held—*

1. That the sale to A was champertous, and, therefore, void.

2. Although V, by his deed to A, conveyed only one-eighth interest, when, in fact, he owned one-seventh, yet as V and A, by this action, sought to have one-seventh allotted to A, alleging that the interest was described in the deed as one-eighth by mistake, V was not entitled to have the difference between one-seventh and one-eighth allotted to him.

WM. WAND FOR APPELLANTS.

1. There is no proof of possession adverse to appellant, V. A. Borah, sufficient to support the plea of champerty. (Barrett v. Coburn, 3 Met., 513; Freeman on Co-tenancy and Partition, sections 229, 230, 233.)

2. As the plaintiff, V. A. Borah, owned an interest of one-seventh, and conveyed only one-eighth, he was, at least, entitled to recover so much of his interest as he had not conveyed, and the court erred in requiring an election.

JAMES & HELM and EDWARD W. HINES for appellee.

1. Appellee was in the actual adverse possession of the land in contro-
   versy at the time of the conveyance to Whalin, and, therefore, the
   champerty statute applies. (Gen. Statutes, chap. 11, sec. 1; Clay, &c.,
   v. Wyatt, 6 J. J. Mar., 584; Lillard v. McGee, 3 J. J. Mar., 582;
   Wall v. Wayland, 2 Met., 158; Barrett v. Coburn, 3 Met., 513;
   Young v. McCampbell, 6 J. J. Mar., 494.)

2. V. A. Borah, the grantor, had no right to maintain the action on his
   own account without first rescinding the champertous contract.
   (Luen v. Wilson, 9 Ky. Law Rep., 83.)

JUDGE BENNETT delivered the opinion of the court.

The appellant, V. A. Borah, as one of the children,
and as administrator of George M. Borah, deceased,
filed his petition in the Butler Circuit Court for the
purpose of settling the estate of said deceased, and
having his land sold to pay his indebtedness. One
hundred and fifty acres of a tract of three hundred
acres of land belonging to said deceased was sold for
said purpose. The widow and children, except the
appellant Borah, of the deceased, remained in the
possession of the remaining portion of said tract.
The appellant Borah, having wasted some of the
assets of his decedent's estate, he in 1856, and after
the sale of said one hundred and fifty acres of land,
moved to the State of Wisconsin, where he has re-
mained ever since. In 1869 all of the children then
living of George M. Borah, except the appellant, V.
A. Borah, conveyed, with the consent of their mother,
by title bond, all their interest in the remaining one
hundred and fifty acres of land to their brothers, C.
C. and G. F. Borah. Afterwards, G. F. Borah sold
his half of said land to C. C. Borah. Afterwards, to
wit, on the fifteenth day of October, 1873, C. C. Borah,
together with the other children of George M. Borah,

then living, except the appellant Borah, conveyed, by deed, seven-eighths of said land to G. H. Borah (not one of the heirs). He, in 1873, conveyed by deed the whole of the one hundred and fifty acres of land to the appellee, J. H. Whalin. He immediately took the actual adverse possession of the whole tract of land, claiming it as his own. In 1874, while the appellee was in the actual possession of the tract of land, claiming the whole of it adversely to all the world, the appellant Borah conveyed by deed one-eighth of it to the appellant Adkins.

In 1885, the appellants, Borah and Adkins, filed their joint petition in the Butler Circuit Court against the appellee, for the purpose of having the said tract of land divided in the proportion of one-seventh to the appellant Adkins, and six-sevenths to the appellee.

They alleged in their petition that the appellant Borah, in fact, sold to the appellant Adkins one-seventh of said land, but, by mistake, the deed called for one-eighth only. Among other defenses, the appellee relied on that of champerty. If this defense is available, it is unnecessary to notice the others.

The appellants contend that, as the appellant Borah and his brothers and sisters held the land in joint tenancy, the sale by the brothers and sisters of their interest to a stranger, and his sale of the whole tract to another stranger, could not invest the latter with such an adverse possession of V. A. Borah's interest in the land as to defeat his vendee's right to maintain an action to have the land divided, and the interest of V. A. Borah restored to his vendee.

This court, in the case of Russell, &c., v. Doyle,

&c., 84 Ky., 386, decided that a sale by one tenant in common to his co-tenant of his undivided interest in land, which was held adversely, was not champertous; for the reason that each joint tenant or tenant in common owns an interest in the entire tract of land, and the sale by the one of his interest to the other introduces no stranger to the title, but simply increases his interest in the whole. But the case at bar is not like that case. For the brothers and sisters of V. A. Borah sold their interest in said land to a stranger to the title, and he sold the whole land, including V. A. Borah's interest, to another stranger to the title; and the latter, pursuant to said purchase, entered upon the land in his own right, and was holding the actual adverse possession of the whole tract at the time the appellant V. A. Borah sold his interest to the appellant Adkins, who was also a stranger to the title.

The policy of the statute against champerty is to prevent litigation, by prohibiting the sale of land, adversely held, to a stranger to the title. Tested by this rule, the appellant Adkins, having, as a stranger to the title, purchased V. A. Borah's interest in the land while the appellee was in the adverse possession of it, he having also purchased as a stranger to the title, the appellant's purchase was clearly champertous, and therefore void.

But it is contended that, as V. A. Borah's deed conveyed to the appellant Adkins only one-eighth interest in said land, and as V. A. Borah owned one-seventh interest therein, the difference should have been allotted to him. It is a sufficient answer to this proposition to say, that the appellants, Adkins and Borah,

allege in their petition that Borah, in fact, sold to Adkins one-seventh interest in said land, and that the recital in the deed should have been one-seventh instead of one-eighth interest, and they ask that one-seventh interest be allotted to Adkins. As the court, therefore, was called upon to correct the deed and to effectuate a champertous sale of Borah's entire interest in the land, the dismissal of the appellant's petition as to Borah's entire interest was proper.

The judgment of the lower court is affirmed.