## Miller v. Edwards, et al.

(Decided April 30, 1920.)

### Appeal from Ballard Circuit Court.

Champerty and Maintenance—Deeds.—The widow and all of the children of decedent, except a minor daughter, conveyed their interest in decedent's farm to A. The minor daughter, after becoming of age, conveyed her undivided one-fifth interest to B who brought an action for partition. There being no proof that A ever indicated to the minor daughter, his co-tenant, that he was holding the land adversely, the chancellor did not err in refusing to hold that the deed to B was champertous.

W. A. ANDERSON for appellant.

J. B. WICKLIFFE and HENRY F. TURNER for appellees.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

Sam Hicks died intestate prior to 1898 the owner and in possession of about 100 acres of land. He left surviving him a widow and five children. In 1898 the widow placed the appellant in possession of the land, and in 1904 he purchased of the widow and the children, other than Sammie Hicks, who was then a minor, an undivided four-fifths interest in the land. In 1914 Sammie Hicks, having arrived at her majority, conveyed the undivided one-fifth interest which she had inherited from her father, Sam Hicks, to J. C. Dupoyster. Thereafter Dupoyster instituted this action for partition, alleging that he was the owner of an undivided one-fifth interest in the land; that the appellant, Miller, was the owner of an undivided four-fifths interest therein, and that the land was divisible. Appellant filed answer pleading that at the time the deed was made by Sammie L. Hicks to the plaintiff, Dupoyster, he was in the adverse posses-

sion of the whole of the tract, claiming the same as his own, and that the deed to Dupoyster was therefore champertous and void. By reply plaintiff denied that the defendant's possession was adverse to Sammie Hicks and setting up the facts with reference to the title, alleged that his possession was amicable at all times. Defendant filed rejoinder traversing the affirmative allegations of the reply with reference to possession. The plaintiff having died intestate the cause was revived in the names of his heirs. Upon submission the chancellor disallowed appellant's plea of champerty and adjudged the partition of the land in accordance with the prayer of the petition, from which judgment the defendant appeals.

It does not appear when Sammie Hicks reached her majority and defendant simply proves that he had been in possession and living upon the land continuously since 1898, but he offered no proof of any word or act of his that would have apprised Sammie Hicks, after she became of legal age, that he was holding or claiming adversely to her, or otherwise than as her co-tenant under the deed he had procured from the other heirs of her father, which purported to convey to him only an undivided four-fifths interest in the land.

As was said in Wall v. Wayland, 2 Met. 155, the champerty act "applies as well to deeds made by co-tenants as to other conveyances whenever the tenant in possession at the time of such deeds is holding the land attempted to be conveyed adversely to the rights of the grantors in such deeds. But before applying the act to such conveyances there should be clear and satisfactory evidence of his adverse holding by the tenant in common. He should by specific and unequivocal acts have renounced his allegiance to his co-tenants. The law presumes his possession to be that of his co-tenants and to refute that presumption he should do some act that would be equivalent to an ouster of those with whom he has been associated in tenancy. Nothing else ought to or will suffice."

To the same effect are Barrett, et al. v. Coburn, 3 Met. 511; Russell, &c. v. Doyle, &c., 84 Ky. 386, 1. S. W. 604; Adkins v. Whalen, 87 Ky. 153, 7 S. W. 912, 10 A. S. R. 470.

But even if we might assume that Sammie Hicks was a party to the title bond from the widow and children of

Sam Hicks, under which the defendant claims to have entered upon the land in 1898, which does not clearly appear, that fact would not be sufficient to make his possession adverse to her, or the champerty act applicable here, since she was then an infant. Moore v. Baker, 92 Ky. 518, 18 S. W. 363; Vallandingham v. Johnson, 85 Ky. 288, 3 S. W. 173.

Wherefore the judgment is affirmed.