JOSEPH V. HOBSON *v.* R. W. HENDRICK, ET AL.

[Abstract Kentucky Law Reporter, Vol. 7—362.]

**Champertous Contract and Suit.**

   Where one who becomes the owner of real estate contracts to sell it on a bond for a deed, he can not thereafter, without the

sale contract be in good faith rescinded, maintain an action for the possession of the land or a part of it for the benefit of the holder of the title bond, for he is thereby seeking to recover the land which he does not own and to the possession of which he is not entitled.

APPEAL FROM WARREN CIRCUIT COURT.

November 12, 1885.

OPINION BY JUDGE HOLT:

B. E. Thacker purchased one hundred acres of land from John Sharpe by title bond; and in 1871 gave or dedicated by parol about half an acre of it, worth not over $10, to school district No. 16 of Warren county for educational purposes. It was surveyed, and the district has held possession of it since the gift and built a schoolhouse thereon, worth $350. Subsequent to this gift Thacker sold by bond about eleven and a half acres of the land to one Lucas; and after this, Sharpe having died, Thacker, claiming that he had fully paid for the land, brought an action against his heirs for a title to it. They, however, asserted a lien and obtained a judgment for unpaid purchase-money; and the one hundred acres of land or enough to satisfy the debt were ordered to be sold. Before the sale was made the appellant and Thacker made an arrangement by which the former was to buy the land outside of the Lucas land, but including the schoolhouse one-half acre, at the amount of the Sharpe debt, and the purchase-money debt owing by Lucas was to be assigned to the appellant for Thacker's benefit. This arrangement was carried out; and the appellant, having obtained a commissioner's deed to the eighty-eight and a half acres of land, brought this action in ejectment on September 28, 1882, to recover the half acre from the school district. It was not a party to the Thacker-Sharpe suit, although it should have been made a defendant.

It also appears that prior to February, 1882, and before this suit was brought, the appellant had sold all the land to Elias Gott, who is not a party to this action; and the school district was in the actual possession of the half acre of land when this sale was made, as well as when the appellant brought it, claiming it as its own. It is urged that, by reason of such possession and claim of the dis-

trict, both the purchase by the appellant at the commissioner's sale, and the sale to Gott were champertous and forbid a recovery. This view certainly can not prevail as to the first named sale. The Sharpe lien was on the entire land; the one-half acre given to the school district was liable for it with the remainder of the tract. The gift by Thacker, who owed the purchase-money, could not defeat or destroy the lien. The donee took it cum onere and subject to sale for the debt.

It appears, however, that before the appellant brought this suit he had sold the land. The gist of his action is that he is the owner of the land and entitled to the possession of it. It is urged that, as the school trustees claim to be holding it adversely, the sale to Gott was therefore champertous and that therefore the appellant can disregard the sale, and bring the action in his name because a champertous sale is void and leaves the title in the vendor.

It is unnecessary to decide whether the fact that the appellant and appellees claimed title through the same party renders the possession of the appellees amicable and not adverse, and the sale to Gott therefore not champertous. Whether the possession was amicable or adverse matters not as this record stands. If amicable, and the sale not champertous, then certainly the appellant is not the owner or entitled to the possession of the land, and hence can not maintain this action. This is true if adversely held, because it is proved that the sale was made to Gott, and that he still holds the title bond and has the equitable title; and it does not appear that the contract of the sale has ever been abandoned or rescinded. It may be said, however, that it was void ab initis. The object of the champerty law is to protect bona fide occupants of land from vexatious litigations upon champertous contracts. The lawmaking power in enacting the statute had in view the peace of society and the repose of occupants, and it is not a matter of public concern whether such contracts as to the parties to them are valid or invalid. The defense of champerty is as available where the action is brought in the name of the vendor for the same purpose as if it had been brought in the name of the champertous vendee.

We do not mean to hold that if the owner of the land makes a champertous sale of it his title is thereby forfeited, or that he can not thereafter sue for it; but in order to do so he must first abandon or rescind the champertous contract. It is said in the case of

*Harman v. Brewster,* 7 Bush (Ky.) 355: "Section 1 of the act of 1824 has frequently received this construction by this court, and § 2 of ch. 12 of the Revised Statutes is but a substantial re-enactment of the same. [The provisions of the general statutes and the revised statutes as to champerty are similar.]   It is true the latter portion of § 1 of the act of 1824, which provides that no right of action shall accrue to either party to a champertous contract, is omitted in the present statute; but the decisions of this court under said act have never been based upon this positive inhibition, but the reason of the law and the object sought to be accomplished have alone been considered.   To give a different construction to the present statute would be to defeat the evident intention of the legislature, and to enable parties to reap the benefit of contracts made in open defiance of a positive statute.   Had the parties in good faith abandoned the contract before the action was begun, we do not doubt but that it could have been maintained by the appellees; but the proof is that it was not abandoned until 1866, and then only because the parties were advised that they could not possibly recover unless it was rescinded.   *   *   *   We do not agree that the rescission of the contract in 1866 can be made to relate back to the commencement of the action, and it was error to instruct the jury that said rescission, because made in good faith, was sufficient to take the action out of the purview of the statutes against champerty."

In this instance the action is in the name of the vendor, Hobson, alone; but his vendee holds a title bond from him for the land, and there is no testimony whatever that the contract of sale has ever been abandoned or rescinded; nor is it even so alleged in the appellant's pleadings.   Under these circumstances the fair conclusion is that the action is in fact for the benefit of Gott; and it follows that, even if at the date of the sale to Gott the possession of the appellees was adverse and not amicable, yet the appellant can not recover.   He is seeking to recover the land which he does not now own, and did not own when the action was brought, and to the possession of which he was not then and is not now entitled.

Judgment *affirmed.*

*Rodes & Settle, for appellant.*

*Clarke & Grider, for appellees.*

[Cited, *Luen v. Wilson,* 85 Ky. 507, 9 Ky. L. 83, 3 S. W. 911; *Meade v. Ratliff,* 133 Ky. 415, 118 S. W. 271.]