CASE 62—PETITION ORDINARY—APRIL 16.

# Luen v. Wilson.

APPEAL FROM KENTON CIRCUIT COURT.

1. CHAMPERTY.—Where one has conveyed property adversely held, he can not, without first rescinding or abandoning the contract in good faith, be heard to say it was champertous, and can not affect him.

   In this action of ejectment, the defendant offered in evidence a deed executed by the plaintiff, conveying the property in controversy to another. The plaintiff objected upon the ground that the deed was champertous, and the court rejected it upon that ground, thus deciding, in effect, that the defendant, who was, by his evidence, relying upon adverse possession to defeat a recovery, was in the adverse possession of the land when the deed was executed. *Held*—That this was a question for the jury; but that, aside from this, the deed should not have been rejected for the reason that the plaintiff could not be heard to say that his deed was champertous.

2. EJECTMENT.—Where, in an action of ejectment, both parties are claim-ing under the same third party, it is sufficient for the plaintiff to show a derivation of title from him, and it is not necessary that he should trace his title back to the Commonwealth.

3. ADVERSE POSSESSION.—One in the possession of land, by suing to enforce a lien thereon, precluded himself from relying upon the fact that his possession was *adverse* in order to defeat a recovery of the land.

4. ADVERSE POSSESSION cannot be relied upon to defeat a recovery in ejectment, unless it is pleaded.

J. F. AND C. H. FISK FOR APPELLANT.

1. The court, by excluding the deed offered by the defendant, decided that the defendant was in the adverse possession of the land when the deed was executed, which was a question of fact for the jury and should have been left to them.

2. The person in the adverse possession of land conveyed by another can alone avail himself of the provisions of the champerty statute. The grantor cannot, without having rescinded the contract, be heard to say that his deed is void. (Gen. Stats., chap. 11, sec. 4; Caldwell's Adm'r v. Shepherd's Heirs, 6 Mon., 390; Harman, &c., v. Brewster, &c., 7 Bush, 355; Smith *et al.* v. Paxton *et al.*, 4 Dana, 394-5; Baley v. Deakins, &c., 5 Mon., 161.)

3. There is no title whatever shown in appellee. He and appellant do not go to a common source. Therefore, the court should have given a peremptory instruction for appellant.

H. P. WHITAKER FOR APPELLEE.

1. It was necessary for the plaintiff (appellee) to go back to the Common-wealth to establish his title. When both parties claim under the same third person it is *prima facie* sufficient to prove the derivation of title from him, without proving his title. (Greenleaf on Evidence, vol. 2, p. 288, sec. 307; Adams on Ejectment, p. 248.)

2. The court properly rejected the deed offered by defendant. It was champertous, and, therefore, absolutely void. (Gen. Stats., chap. 2, sec. 2.)

JUDGE HOLT DELIVERED THE OPINION OF THE COURT.

This action of ejectment was instituted by the appel-lee, Rothwell Wilson, against the appellant, John Luen, on May 7, 1884, to recover a lot in the city of Coving-ton. The evidence shows that one Hunter conveyed it to Joseph H. and E. Taylor in 1853, and that the Tay-

lors deeded it to the appellee, Wilson, on February 10, 1860.  The appellant, Luen, held a claim against it for a street improvement, and in 1875 brought an action to enforce his lien, the Taylors alone being defendants to it, and proceeded against as non-residents.  A judgment was obtained; the property sold and purchased by Luen; and on June 14, 1878, it was conveyed to him by a commissioner's deed.

The testimony does not manifest, or place beyond all doubt, the identity of the property in contest; but, in our opinion, when considered as a whole, it shows that the lot conveyed by the Taylors to Wilson, and described in the petition, is the same as that deeded by the commissioner to Luen, and now claimed by him.

It is urged that the appellee was not entitled to a recovery because he did not exhibit or trace his title back to the Commonwealth.  Both parties are, however, claiming under the same third party; and in such a case it is sufficient to show a derivation of title from him.  (2 Greenleaf on Evidence, section 307.)

It appears that Luen took possession of the property several years before he obtained his commissioner's deed; possibly so long before that he may have held it for fifteen years before this action was brought; and it is therefore claimed that he had a possessory title to it, and was, under the statute of limitation, entitled to hold it.  This is not clearly shown by the testimony, however; but if it were, yet adverse possession is not pleaded; and it is evident, as the jury found in their special verdict, that he took possession merely because he had a lien on it, and with the intention of enforcing it when the owner should appear.  Moreover, the bring-

ing of the suit for the enforcement of his lien dissipates this ground of defense, even if it had been set up by pleading.

As the Taylors had parted with the title long before Luen brought his action to enforce his lien, it of course follows that he acquired none by his commissioner's deed.

There is but one other question necessary to be considered. It is fatal, however, to the judgment rendered below.

Upon the trial the appellant offered to introduce in evidence, and for the purpose of defeating a recovery by the appellee, a deed made by the latter on September 17, 1883, to one Patton, to the property in contest, and which had been duly acknowledged and recorded. The court rejected it, and refused to let the appellant show by a witness that it covered the property in dispute. This ruling was doubtless based upon the ground that the deed was champertous and therefore void. It is true that the appellant was by his evidence, but not by plea, relying upon adverse possession to defeat a recovery ; and the testimony already offered tended to show such holding by him at the date of the deed to Patton. By its rejection, however, the court in effect decided that Luen was in the adverse possession of the land when it was executed. This was a question for the jury ; but aside from this, it should not have been rejected. *Prima facie* it passed the title to Patton and Wilson, when he brought the action, had no right to sue.

It is said, however, that, under the statute, it was absolutely void. It is true that section 2, chapter 2, of the General Statutes, provides that all sales or con-

veyances of land at the time adversely held shall be void; but it must be considered in connection with section 4 of the same chapter, which provides who may prove this in bar of an action.

It says: "The person in the adverse possession, according to the provisions of the second and third sections of this chapter, his personal representatives, heirs or assigns, or the person under whom such occupant claims or holds, his personal representatives, heirs or assigns, may give in evidence under the general issue, or may plead the sale or purchase of any pretended right or title in violation of the second section of this chapter, or any contract or agreement made in violation of the third section of this chapter, in bar of any suit or action against them to recover the possession or title to the land so held."

Here Patton is not suing for the property, but the grantor in the deed to him; and when the defendant offers it in evidence to defeat a recovery, the grantor, and not the party in possession, says it is champertous, and, therefore, void and inadmissible as testimony. The party in the adverse possession does not offer it as showing a champertous sale; but when it appears from it that the plaintiff has no title, the latter says it is champertous, and can not, therefore, affect him.

It has been held by this court in more than one case, that if one who has previously sold land to another, seeks to recover it, he can not maintain his action upon the ground that the sale was champertous. The champertous contract must be abandoned or rescinded in good faith before he brings his action. (Hobson v. Hendrick, MS. Opinion, November 12, 1885; Harman, &c., v. Brewster, &c., 7 Bush, 355.)

In the case now before us, there is nothing showing that this had been done. In fact, it is not so contended.

Wilson can not prosecute the action for the benefit of Patton. In such case the appellant can rely upon the still existing champertous contract. The law of champerty was intended as a shield to the possession, and not as a weapon of offense; as a defense to the remedy sought by a plaintiff; and a grantor after he has conveyed property adversely held can not, without first rescinding or abandoning the contract in good faith, be heard to say that it was champertous, and it can not, therefore, affect him. This is the right of the occupant, and his protection was clearly the aim of the statute.

It results that the lower court erred in rejecting as evidence upon behalf of the appellant the deed to Patton, and the testimony showing that it covered the lot in contest; and the judgment is reversed, with directions to grant a new trial, and for further proceedings consistent with this opinion.