## EDGEMONT COAL CO. v. ASHER.

(District Court, E. D. Kentucky, at London. January 6, 1919.)

No. 446.

1. Covenants ⟨⟩102(1, 2)—Eviction prerequisite to recovery on covenant of general warranty; "eviction" defined.

In Kentucky, to recover on covenant of general warranty, there must have been "eviction," which is dispossession under judgment, though it need not be by force of process under judgment; but if grantee has not obtained possession under his deed it is sufficient if grantee has been adjudged not entitled to possession because of defendant's paramount title.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Eviction.]

2. Champerty and maintenance ⟨⟩7(5)—Grantee under deed executed while land in adverse posssssion of another cannot recover on general warranty.

Under Ky. St. §§ 210, 216, if grantee has not obtained possession under his deed, because land was in adverse possession of another, he cannot recover on general warranty.

3. Covenants ⟨⟩114(1)—Petition by grantor held insufficient on demurrer to show grantor or grantee ever were in possession.

In action on covenant of general warranty, grantor's petition, alleging that grantee alleged in its petition in another action that it was in actual possession of land, and that defendants therein alleged in their answer that defendants were in possession, *held* not sufficient on demurrer to show that grantor or grantee were ever in possession, or that there was eviction, so as to entitle them to recover on warranty.

Action by the Edgemont Coal Company against A. J. Asher. On defendant's demurrer to petition. Demurrer sustained, with leave to plaintiff to amend.

James H. Jeffries, of Pineville, Ky., for plaintiff.
Worthington, Cochran & Browning, of Maysville, Ky., for defendant.

ANDREW M. J. COCHRAN, District Judge. [1] This cause is before me on general demurrer to the petition. It is an action on a covenant of general warranty in a deed for land. The ground urged in support of the demurrer is that the petition does not allege an eviction. It is well settled in this state that, in order to recover on such a covenant, it is essential that there should have been an eviction. Eviction is dispossession of the land covered by the deed. In a recent decision of the Kentucky Court of Appeals it has been held that such dispossession must be under and in pursuance of a judgment of court. Judge Hannah in Walker v. Robinson, 163 Ky. 618, 174 S. W. 503, said:

"In this state nothing less than a judgment has ever been held to constitute eviction affording sufficient basis for an action to recover damages for a breach of a covenant of general warranty."

The general rule seems to be otherwise, 7 R. C. L. pp. 1148, 1149.

It is not essential, however, that the dispossession should be by the force of process issued upon the judgment. A yielding of possession

because of the judgment is sufficient. In the case of Woodward v. Allan, 3 Dana (Ky.) 164, Chief Justice Robertson said:

"The judgment gave the lessors a right to enter, and if they, or either of them, did enter, without a writ of habere facias, there was an eviction both legal and actual. But the judgment alone, without any other fact, was sufficient evidence of eviction. It was the plaintiff's duty, after judgment, to yield the possession; he had no right to resist, and therefore, the judgment itself was a virtual eviction."

The requirement that there should be an eviction in order to a recovery on a covenant of general warranty exists only where the grantee has obtained possession under his deed. Eviction, as stated, consists in dispossession, and there can be no dispossession where there has been no possession. Hence in such a case eviction is not essential to recovery. It is sufficient that an action to recover possession has been brought and it has been adjudged therein that the grantee is not entitled to possession by reason of paramount title in the defendant. This is termed a substitute for or the equivalent of an eviction. Cummins v. Kennedy 3 Litt. (Ky.) 118, 14 Am. Dec. 45; Fowler v. Chiles, 4 J. J. Marsh. (Ky.) 504. It would seem, also, that if the party in possession should bring a suit in equity to quiet his title and obtain a judgment therein that defendant was not entitled to possession, such judgment would be a substitute for or the equivalent of an eviction.

[2] But the judgment denying the right to possession in either contingency is no more than a substitute for or the equivalent of an eviction. It answers the requirement that there should have been an eviction in order to recovery on the covenant. It does not follow therefrom that recovery can be had on the warranty, and recovery cannot be had thereon because it is provided by statute in this state that a deed of land in the adverse possession of another is void, and neither party thereto shall have any right of action or suit thereon. Ky. St., §§ 210, 216. This has been so decided by the Court of Appeals of Kentucky in the case of Graves v. Leathers, 17 B. Mon. (Ky.) 665. The decision in this case was approved and followed in the later case of Altemus v. Nickell, 115 Ky. 506, 74 S. W. 221, 103 Am. St. Rep. 333. It was there held that title acquired by grantor in a deed with covenants of general warranty of land in the adverse possession of another, after making his deed, did not pass to the grantee, and this because there could be no recovery on the covenant of warranty. Judge O'Rear in his opinion referred to Graves v. Leathers as a "well-considered case."

The plaintiff thinks that the value of the decision in Graves v. Leathers has been affected by the decisions in Luen v. Wilson, 85 Ky. 503, 3 S. W. 911, and Meade v. Ratliff, 133 Ky. 411, 118 S. W. 271, 134 Am. St. Rep. 467. These cases present the problem whether they can be reconciled with Cardwell v. Spriggs Heirs, 7 Dana (Ky.) 38; Crowley v. Vaughan, 11 Bush (Ky.) 517. I do not pause to consider and determine whether they are reconcilable therewith. It is sufficient to say that they can be given no effect as against the decisions in Graves v. Leathers and Altemus v. Nickell, the latter of which two cases was decided later than Luen v. Wilson, upon which Meade v. Ratliff was based. Besides, the statute expressly provides that neither party to a champertous deed "shall have any right of action or suit thereon."

**[3]** With this view of the law applicable to this case, I come to a consideration of the allegations of the petition. It is nowhere alleged therein that the plaintiff's vendee, the Pioneer Coal Company, has been evicted from the land for the loss of which this action is brought. It is not to be gathered therefrom that plaintiff or its grantee ever obtained possession of the land. For aught that is alleged, at the time of the execution of defendant's deed, the land may have been in the adverse possession of the successful parties in the litigation referred to in the petition. The petition alleges that plaintiff therein, plaintiff's grantee, alleged in its petition that it was in the actual possession of the land. But it also alleges that the defendants therein alleged in their answer and counterclaim that they were in such possession thereof. As, then, it does not appear that possession was obtained under the defendant's deed, it cannot be said that it appears that there has been an eviction. The most that can be said to appear is that there has been a substitute for or the equivalent of eviction, in that the right of possession under defendant's title has been denied by the judgment in that litigation. But, whilst this answers the requirements as to eviction, it is not sufficient to entitle plaintiff to recover. For this presupposes that the successful parties or those under whom they claim were in the adverse possession of the land when defendant's deed was made. And if such was the case, the deed was champertous and no recovery can be had on the covenant. It must be held, therefore, that the demurrer is well taken.

It is possible that the petition is bad on an additional ground that has not been advanced. It appears from the petition that plaintiff has not satisfied the judgment obtained against it on its covenant by the Pioneer Coal Company. The allegation of the petition is that the company had given plaintiff an instrument of writing whereby it waived its right to collect its judgment until plaintiff has exhausted its rights and remedies against the defendant and consented that plaintiff might prosecute this action to final judgment before it should be compelled to pay the judgment against it. It is possible that an intermediate grantee has no right to recover on a covenant of warranty in a prior deed, unless he has made good to its grantee and thereby, as it were, reacquired the right of action on the covenant. Plaintiff cites certain cases as holding that an intermediate grantee may sue on such covenant. They are the cases of Birney v. Hann, 3 A. K. Marsh. (Ky.) 322, 13 Am. Dec. 167, Thompson v. Sanders, 5 T. B. Mon. (Ky.) 357, and Lot v. Parish's Ex'r, 1 Litt. (Ky.) 393. But in each one of these cases the plaintiff had made good to his grantee the loss which he had sustained by losing the land under the judgment of eviction against him. The necessities of this case do not require that I determine this question.

An order will be entered sustaining the demurrer, with leave to plaintiff to amend.