### Doyle, et al. v. Cornett, et al.

(Decided March 26, 1920.)

Appeal from Rockcastle Circuit Court.

Champerty and Maintenance—Chapertous Contract—Rescission.—Before a vendor of property in the adverse possession of another can seek the aid of the champerty statute he must abandon or rescind the champertous contract.

L. W. BETHURUM for appellants.

C. C. WILLIAMS for appellees.

OPINION OF THE COURT BY JUDGE QUIN—Affirming.

In 1882, Henry Mattox acquired title to a tract of eighteen acres of land. A few years thereafter he died intestate. Prior to 1915 his heirs and their vendees, in four separate deeds executed at different times, conveyed the aforesaid land to James Brock. A county road running east and west through the property divides it into two parts; that on the north contains ten or eleven acres, that on the south, being the land in controversy, seven or eight acres. At the time the deeds were executed to Brock appellees were in possession of and claiming title to the land south of the road.

The question of the right of possession of this property resulted in a lawsuit between appellees and Brock, in which litigation in the circuit court, an agreed judgment was entered April 6, 1915, adjudging to Brock the title to and right of possession of the land to the north of the road, and to appellees the title to and right of possession of the land to the south of the road.

In the present action filed June 26, 1915, appellants (plaintiffs), as the heirs of Henry Mattox, alleging that their deed to Brock was champertous and void, are asking that they be declared the owners of the property and entitled to the possession of same. After denying the affirmative allegations of the petition as amended the appellees pleaded the aforesaid judgment in the suit against Brock in bar of the present action; also set up title and right of possession in themselves. The lower court sustained their contention and this appeal followed.

Complaint is made of the sufficiency of the answer, but we do not deem the objection thereto material. There is no allegation in the pleadings that appellants, Brock's vendors, had ever repudiated or abandoned the alleged champertous sale. On the contrary it would seem that Brock is still exercising the right of ownership over a portion of the land conveyed by the deed now contended to be void.

Kentucky Statutes, sec. 210, provides, in part, as follows:

"All sales or conveyances, including those made under execution, of any lands, or the pretended right or title to the same, of which any other person, at the time of such sale, contract or conveyance, has adverse possession, shall be null and void."

This statute is substantially the same as an act of 1824 (M. & B. Digest Statute Laws of Kentucky, p. 286),

construing which the court in Caldwell v. Briggs, 7 Dana 38, says:

"But the aim of the statute of 1824 was to protect *bona fide* occupants of land against vexatious litigation growing out of champertous contracts, which tend to generate suits that otherwise in many cases, would never have occurred. . . . The peace of society and the repose of occupants were alone consulted by said act."

It is said in Hobson v. Hendrick, 7 Rep. 362, that where one who seeks to recover land upon the ground that he is the owner and entitled to possession of it, has previously sold it to another, the fact that the sale was champertous will not enable him to maintain the action. He must abandon or rescind the champertous contract. To the same effect is Harmon, etc. v. Brewster, etc., 7 Bush 355; Crowley v. Vaughn, etc., 11 Bush 517; Luen v. Wilson, 85 Ky. 503, 3 S. W. 911, in which latter case the court makes this statement:

"The law of champerty was intended as a shield to the possession, and not as a weapon of offense; as a defense to the remedy sought by a plaintiff; and a grantor after he has conveyed property adversely held cannot, without first rescinding or abandoning the contract in good faith, be heard to say that it was champertous, and it cannot, therefore, affect him. This is the right of the occupant, and his protection was clearly the aim of the statute."

In Fort Jefferson Improvement Co. v. Dupoyster, 108 Ky. 792, 51 S. W. 810, 48 L. R. A. 537, the court holds that in view of Luen v. Wilson, *supra*, that the deed in that case was not void, but only voidable at the instance of the parties in adverse possession.

In Meade v. Ratliffe, 133 Ky. 411, 118 S. W. 271, 134 Am. St. Rep. 467, the same contention was made as in the present action, viz.: that as the deed was champertous and void no title passed and it therefore remained in the vendor. The court there recognized that some of the early cases tended strongly to support this theory, but that the later cases construing the statute, established what is considered to be the better doctrine. In the language of the court:

"These opinions properly hold that the champerty statute, in so far as it applies to the sale and conveyance of real estate, was enacted for the benefit of those in the adverse possession and claiming the land. It

leaves the vendor and vendee in the position they placed themselves by the sale and conveyance.''

The court takes the following excerpt from Luen v. Wilson, *supra*:

"It has been held by this court in more than one case that, if one who has previously sold land to another seeks to recover it, he cannot maintain his action upon the ground that the sale was champertous. The champertous contract must be abandoned or rescinded in good faith before he brings his action.''

In our opinion the construction given the statute in Meade v. Ratliffe, *supra,* is a proper and just one, because such conveyances are often made in the best of faith, and the purchaser pays a valuable consideration therefor, but under the statute the conveyance is champertous if there is an adverse claimant in possession, and in such cases parties should be allowed to rescind and put themselves *in statu quo*.

But such is not the case as presented by the facts in the record before us. Appellant's vendee in a suit instituted against him by appellees agreed to a judgment decreeing that the title to and the right of possession of the land in controversy was in appellee. Furthermore appellants have never abandoned or rescinded the contract. This being true the lower court properly dismissed the petition. The judgment is therefore affirmed.