## Whisman v. Wells, et al.

(Decided December 5, 1924.)

### Appeal from Clark Circuit Court.

1. Champerty and Maintenance—Contract for Interest in Oil Property Held Void as Champertous—"Champerty."—Contract of plaintiff, an attorney at law, with defendant's deceased husband, whereby plaintiff was to receive one-eighth interest in certain oil property in consideration of $1.00 and of his services to deceased in prosecuting action to establish claim to such property, held void under Ky. Stats., section 209, as being champertous; champerty being defined as a bargain with a plaintiff or defendant in a suit for a portion of the land or other matter sued for, in case of a successful termination of the suit which the champertor undertakes to carry on at his own expense.

2. Champerty and Maintenance—"Champerty" and "Maintenance". Distinguished.—"Champerty" differs from "maintenance" chiefly in that in champerty the compensation to be given or the services rendered is a part of the matter in suit, or some profit growing out of it, while in simple maintenance the question of compensation does not enter into the account.

C. F. SPENCER and REDWINE & REDWINE for appellant.

BENTON & DAVIS for appellees.

Opinion of the Court by Chief Justice Sampson— Affirming.

Appellee, Lillie C. Wells, is administratrix of her late husband, Jack Wells, and the mother of the other appellees. While Jack Wells was litigating the title to some valuable oil lands, located in Lee county, with the Woodford Oil & Gas Company, et al., appellant Whisman asserts that he entered into a written contract with Wells whereby Whisman acquired, as he says, a one-eighth undivided interest in whatever property right, lien or interest, present or future, which Jack Wells should be declared the owner of through and by the pending litigation, if anything, in consideration of the payment of one dollar, and the assistance of Whisman in the preparation and prosecution of the lawsuit. The contract on which appellant, Whisman, relies is in writing and reads:

"Jackson, Ky., Nov. 10, 1919.

"This contract made by and between Jack Wells, of Winchester, Ky., and C. F. Whisman, of Middletown, Ohio, that for in the consideration of $1.00 cash and other good and valuable consideration that said Jack Wells is to convey to said C. F. Whisman one-eighth net interest in a certain tract of land in Lee county, Ky., situated on Big Sinking creek. Bounded as follows:

"On the north by Hall & Burke;
"On south E. W. Bowling & M. Courtney;
"On west by Tom Booth and others;
"On E. by Brownlow Smith,
containing 76 acres more or less. When is settled in said Wells' favor.
"This Nov. 10, 1919.
"Attest, C. F. Whisman.            "Jack Wells."

After the death of Wells and the qualification of his wife as administratrix, and long after the making of the contract copied above, the company entered into a compromise agreement with Wells' administratrix whereby they settled her claim and that of her children by paying to her and them the sum of $15,000.00. However, before making the compromise and paying the money the advice and permission of a court of equity was asked, and granted. About the time this judgment was entered and the compromise effected, appellant Whisman filed his

intervening petition setting up his claim to a one-eighth interest in the $15,000.00, thus obtained by the estate of Wells through the compromise, asserting that by reason of the contract he was entitled to one-eighth of whatever was recovered.   The administratrix denied appellant's right to participate in the funds and disputed his contract, averring that if he had such a contract the sole consideration was his agreement to assist her husband, Jack Wells, in the preparation and prosecution of the litigation with the Woodford Oil & Gas Company, all of which was champertous, and rendered the contract void and unenforceable.   Issue being joined the parties took proof.   Although Wells was dead at the time Whisman gave his deposition, no exceptions have been filed thereto or motion made to strike it from the record.   It was read and considered upon the trial without objection, and no objection is made here to its consideration.   In fact the administratrix relies largely upon the evidence of appellant Whisman to defeat his cause.   After telling about the making of the contract and the execution of the writing evidencing it, Whisman was asked what consideration he paid for the one-eighth interest in the property mentioned in the contract and at first declined to answer, or rather gave an indirect and evasive answer. He finally admitted in substance, however, that he gave but one dollar in cash and his services in aiding Wells in the preparation and prosecution of his lawsuit.   After pressing appellant to tell what the consideration was for the granting of the one-eighth interest mentioned in the oil lease, without obtaining an answer, counsel asked him:

"Q.   Are you trying to keep back anything?   A. I am in my business. Q. We do not seem to be able to come very close to the amount of cash you paid that morning.   What was the consideration?   A.   I gave him the information of this letter and correspondence that the man wanted, that they had defeated him in the first trial.   He said if he could get his case back in court and become the owner of this property—the letter had been kept secret and smuggled. Q. That was the consideration? A. Some of it, yes. Q. In consideration of furnishing that information you were to have an interest in what he recovered? A. Yes, that was part of the consideration. . . . Q. Were you willing to give him the information you had about his source of title unless

you got an interest in the property? A. I wanted to buy an interest in the property. Q. Please answer my question as to whether or not you were willing to let Jack Wells know what you knew about the evidence in his favor unless he would let you have an interest in that property? A. No, I didn't tell him beforehand because I wanted to buy an interest as cheap as I could, and I wasn't putting out any information for nothing. Q. If I understand you, then, you would not have given Jack Wells the information you had about his source of title and the evidence you knew of in his favor if he had not given you an interest in that property? A. I don't know as I wouldn't have done it, but I wanted to buy an interest and take a little gamble in it and see what the outcome would be in the court."

Appellant testified at great length, the substance of it being that he purchased a one-eighth interest in the valuable oil property described in the contract for one dollar and his promise to furnish evidence to Wells and aid and assist Wells in the prosecution of his action to recover the oil property.

He makes out a clear case of champerty and maintenance against himself, under section 209, Kentucky Statutes, which provides:

"All contracts, agreements and conveyances made in consideration of the services to be rendered in the prosecution or defense or the aiding in the prosecution or defense, in or out of court of any suit, by any person not a party on record in such suit, whereby the thing sued for or in controversy, or any part thereof, is to be taken, paid or received by such person for his services or assistance, shall be null and void."

Champerty is defined by Bouvier as a bargain with a plaintiff or defendant in a suit, for a portion of the land or other matter sued for, in case of a successful termination of the suit which the champertor undertakes to carry on at his own expense.

It differs from "maintenance" chiefly in this, that in champerty the compensation to be given or the services rendered is a part of the matter in suit, or some profit growing out of it; while in simple maintenance the question of compensation does not enter into the ac-

count. Davis v. Sharon, 15 B. M. (Ky.) 64; Evans v. Bell, 6 Dana. 479; Harmon v. Brewster, 7 Bush 355; Brown v. Beachamp, 5 T. B. Mon. 413. The law applicable to actions of this kind is fully and learnedly discussed in the opinion of Brown v. Beauchamp, *supra*. The principles announced in that case are as applicable to the facts of this case now as they were to that case in those ancient days.

Appellant Whisman's contract, according to his interpretation of it, was one whereby he was to receive one-eighth of the thing sought to be recovered in the lawsuit in consideration of his services to Wells in the preparation and prosecution of the action, plus one dollar. Whisman was not an attorney nor a party to the action. In fact, he afterwards concealed the fact he had such a contract with Wells. The contract was, in the face of the statute quoted above, absolutely void. The trial court so held, and its judgment is affirmed.

Judgment affirmed.