## Asher v. Pioneer Coal Company.

(Decided March 28, 1930.)

MARTIN T. KELLY and R. L. POPE for appellant.

JAMES H. JEFFRIES for appellee.

OPINION OF THE COURT BY COMMISSIONER STANLEY—Reversing.

This case is a sequel to one which was first presented to this court in 1904, and concluded in 1928, by the opinion of Taylor & Crate v. Asher, 223 Ky. 574, 4 S. W. (2d) 385. Asher, claiming title to a tract of land in Bell county which contained a certain 106.43 acres, brought suit against Taylor & Crate for trespass and for an injunction restraining them from interfering with him in his possession. The defendants affirmatively claimed title and possession. A member of this court, on the record before him, dissolved a temporary injunction against Asher, which had the effect of approving for the time being his title to this parcel of land. However, when the case was developed and submitted on its merits it was held in the above styled case that his adversaries had superior title. It was not determined who had the possession.

After the dissolution of the temporary injunction, Asher conveyed this parcel of land on May 10, 1907, to Edgemont Coal Company with a covenant of general warranty. Several years later that company conveyed it to the Pioneer Coal Company, a Kentucky corporation, and in 1922 it conveyed the land to appellee, Pioneer Coal Company, a Delaware corporation. Following the filing of the mandate in the Taylor & Crate case, this suit was begun by the latter company against Asher and the intervening vendors to recover damages for breach of warranty. With the petition there were filed as exhibits copies of the pleadings, orders, etc., of that case the judgment in which was relied on as an eviction.

In defense, Asher pleaded that the deeds under which the plaintiff and others claimed title were taken at a time when the land was adversely occupied, and that they were therefore void under the champerty statutes (Ky. Stats., secs. 210 and 216) and that the warranty was likewise void and nothing passed to them under the deeds. It was alleged that the plaintiff and its predecessors in title at all times knew of the adverse possession of Taylor & Crate, and that they had themselves never been put in possession of the property. It was further averred that, if the covenant of warranty was broken at all, it was at the time the deed was made in May, 1907, and the cause of action then accrued; that, by reason of laches and delay on the part of plaintiff and the statute of limitation, their right of action was barred.

A demurrer to this answer was sustained, and, having declined to plead further, judgment was awarded against the defendant, from which he prosecutes this appeal.

There was no eviction until the conclusion of the suit involving title of plaintiff's vendor and the adverse claimants. Obviously no suit could have been maintained on the covenant until the adjudication of the issue as to who owned the paramount title to the land. The statute of limitation did not begin to run until the cause of action accrued, which was when there was an eviction by the final judgment. In the recent case of Pioneer Coal Company v. Asher, 226 Ky. 488, 11 S. W. (2d) 116, which litigation involved the same original transactions between these parties, but in relation to another parcel of land, appellant's claim of a bar by reason of limitation was decided adversely to him. The demurrer in so

far as it covered this plea of limitation was properly sustained.

However, in Pioneer Coal Company v. Asher, 210 Ky. 498, 276 S. W. 487, which was a similar suit between these parties, a plea of invalidity of the covenant of warranty in a champertous deed was sustained. The authorities supporting the conclusion that such covenants are void are collated in that opinion and need not be recited here.

In Doyle v. Cornett, 187 Ky. 584, 219 S. W. 1059, it is declared that, before one will be heard to say that a deed is champertous and his covenant void, he must in good faith abandon or rescind his undertakings, and that the status quo of a purchaser for a valuable consideration and the vendor ought to be restored. Whether that should be done in the form of a claim for money had and received or otherwise is not for us now to determine.

It is argued in behalf of the appellee that, on the undisputed facts alleged in the petition and shown by the exhibits, the appellant is estopped from asserting or maintaining the defenses pleaded. But the company is not in position on this record to maintain such contentions, for estoppel is a matter to be pleaded.

The answer presenting a good defense to the extent indicated, the court erred in sustaining a demurrer to it.

The judgment is accordingly reversed for consistent proceedings.

Whole court sitting.