## POORE et al. v. POORE et al.

Court of Appeals of Kentucky.
June 19, 1953.

Robert J. Watson, Middlesboro, for appellants.

William J. Stone, Pineville, for appellees.

MOREMEN, Justice.

Appellants, Charlie Poore and his wife, Bertha Poore, filed an action in which they stated they were the owners in fee simple and were entitled to possession of a tract of land containing approximately one acre which the appellees, Rilda Poore and others, had possession of and were holding without right. The appellees pleaded that they were the owners of the tract by reason of adverse possession. Upon trial of the case, the jury found for appellees, judgment was entered dismissing appellants' petition and appellees were adjudged to be the owners of and entitled to possession of the land in issue.

The controversy arose in this manner: On November 17, 1905, the Middlesboro Town and Land Company conveyed a tract of land adjoining the one-acre tract to Isaac Dalton. Dalton immediately went into possession of this land and he fenced, not only the land described in the deed, but he included within the boundaries of the fence the one-acre tract, here in dispute, which lies in an easterly and southeasterly direction, but contiguous to the property described in the conveyance. On April 21, 1919, Dalton conveyed the land to Wiley Goode and Bertie Goode. On January 15, 1924, Wiley Goode and his wife executed and delivered a deed to Ollie Poore conveying to her the same boundary of land which had been purchased from Isaac Dalton—and Ollie Poore moved on the land. Ollie Poore lived in a house which had been erected on the one-acre tract, which was in the fenced boundary of all the land, until her death, intestate, on August 24, 1939. Her husband was named J. E. S. Poore and this couple raised a family of seven children, among them being appellant, Charlie Poore. After the death of Ollie Poore, her widower, J. E. S. Poore remarried sometime early in the year 1940, and his second wife named Rilda Poore is one of the appellees. Rilda Poore had a daughter by a previous marriage named Mary Elizabeth Parker. On March 11, 1940, the one-acre tract was conveyed by deed from J. E. S. Poore to Rilda Poore and her daughter Elizabeth. This part was fenced off so that a lane existed between the two tracts. The deed described the land as being a portion of the same land conveyed to him by Wiley and Bertie Goode on January 19, 1924, and provided that J. E. S. Poore owned a lifetime dowry in the property and "is to have complete control of said property described during his lifetime." After the death of J. E. S. Poore, the children of J. E. S. Poore and Ollie Poore, appellants here, conveyed by deed, on December 22, 1949, to Olard Reedy and his wife all the property which Ollie Poore had owned and which was enclosed within the original boundary fence.

The foregoing statement of facts initially presents the question of whether or not appellants are, as they have alleged, "the legal owners in fee simple" and entitled to possession of the land and whether they are entitled to bring an action of this nature after they have, by deed, conveyed the land to Olard Reedy and his wife.

Both parties agree that the conveyance to Reedy of this land, while it was held in adverse possession by appellee Rilda Poore, was champertous and, from this premise, appellants argue that, since the deed was champertous, the title to the property remains in appellants and they are, therefore, the real parties in interest.

If the deed is champertous, the appellants cannot avail themselves of this fact unless they had rescinded the champertous contract in good faith before the suit was filed. In Doyle v. Cornett, 187 Ky. 584, 219 S.W. 1059, 1060, the court quoted with approval this statement:

"That, where one who seeks to recover land upon the ground that he is the owner and entitled to possession of it has previously sold it to another, the fact that the sale was champertous will not enable him to maintain the action. He must abandon or rescind the champertous contract." (Citing several cases.)

In Luen v. Wilson, 85 Ky. 503, 3 S.W. 911, 912, this was said:

"It has been held by this court in more than one case that, if one who has previously sold land to another seeks to recover it, he cannot maintain his action upon the ground that the sale was champertous. The champertous contract must be abandoned or rescinded in good faith before he brings his action."

We, therefore, conclude that appellants have no right to bring this action and that appellees' motion for a directed verdict at the close of all the evidence should have been sustained. Although this was not done by the lower court, the result achieved was the same as if the court had peremptorily instructed the jury to find for appellees.

Judgment affirmed.