Moore v. Baker.

CASE 94—PETITION EQUITY—JANUARY 28.

# Moore v. Baker.

APPEAL FROM BREATHITT COURT OF COMMON PLEAS.

1. DEED OF INFANT—DISAFFIRMANCE.—A person may, after arriving at full age, disaffirm a contract made during infancy for sale of real property, whether executed or executory, by merely making another conveyance of the same property to a third person, and it is not necessary for him to refund to the first purchaser the consideration received in order to render either the disaffirmance or such second conveyance effectual.

2. SAME—CHAMPERTY.—One who is in possession of land under a conveyance from an infant does not hold adversely within the meaning of the champerty statute, and his possession does not render void a conveyance by the infant to another after he arrives at age.

3. PARTIES TO ACTION.—The grantor is not a necessary party to an action by the grantee in the second conveyance to recover the land.

4. THE GRANTOR IN A CHAMPERTOUS CONVEYANCE can not bring his action to recover the land until he has first, in good faith, rescinded the champertous contract.

5. POSSESSION MAY BE ADVERSE under the statutes of limitation without being so under the champerty statute.

W. J. HENDRICK, R. REID ROGERS, J. J. C. BACK, D. B. RED-WINE FOR APPELLANT.

1. Where an infant repudiates his former contract by a subsequent conveyance it is not necessary to place the first purchaser in *statu quo* in order to make his last conveyance effectual. (Vallandingham v. Johnson, 85 Ky., 288; Story on Contracts, sec. 60.)

2. In the absence of any written contract, either filed or referred to, the presumption arises that the contract with James Moore was by parol, and if so it must be rescinded even if the parties can not be placed in *statu quo*. (Holtzclaw v. Blackberry, 9 Bush, 44.)

3. The rights of plaintiff in this case are not affected by the provision of the General Statutes that property in adverse possession can not be conveyed. The possession was amicable. (Gossom v. Donaldson, 18 B. M., 239; Young v. Adams, 14 B. M., 127.)

JOHN W. RODMAN FOR APPELLEE.

1. As appellee was in possession of the land, claiming it as his own at the time appellant purchased, appellant's purchase was void. (Gen. Stats., chap. 11, sec. 2; Kinsolving v. Pierce, 18 B. M., 784.)

2. Appellant can not plead infancy for his vendor.    Infancy is a personal
plea.

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

Appellant, Daniel Moore, brought this action for division of a tract of land, and allotment to him of one-fourth thereof, claimed under sale and conveyance by James Moore, three-fourths having been purchased from the other joint tenants by defendant Baker, now appellee. By an amended petition, James Moore was joined as plaintiff in the action, and it was alleged he, while an infant, had attempted to sell the same undivided fourth of the land to the defendant, but got nothing therefor, and that he had, after arriving to the age of twenty-one years, disaffirmed the contract, of which defendant was informed, and then again did so.    A special demurrer for defect of parties plaintiff was sustained, and the action dismissed as to James Moore, and afterwards judgment was rendered on the merits for the defendant.

James Moore was not a necessary party for determination of the only real issue in the case, which is, whether the sale and conveyance by him to appellant was within the inhibition of section 2, chapter 11, General Statutes, as follows : " All sales or conveyances    *    *    *    of any land or the pretended right or title to the same, of which any other person at the time of such sale, contract or convey ance, has adverse possession, shall be null and void."    For if the sale was champertous he no more than appellant, nor indeed with him, could maintain the action, it being well settled by this court, that even the vendor of land in such case is without remedy unless and until the champertous contract has, in good faith and prior to commencement of his action, been rescinded.    We therefore think · the

special demurrer was properly sustained. But notwith-
standing and after James Moore under operation of that
demurrer had ceased to be a party, the court permitted
the defendant to file a new answer in place of one pre-
viously filed, but withdrawn, in order to file the demur-
rer, and to allege a different and greater sum as having
been paid by him to James Moore, the repayment of
which he asked the court to adjudge as condition of re-
covery of the one-fourth interest by appellant.

As has been held by this court, a party may, after ar-
riving at full age, disaffirm a contract made during in-
fancy for sale of real property whether executed or execu-
tory, by merely making another conveyance of the same
property to a third person, and it is not necessary for him
to refund to the first purchaser the consideration received
in order to render either the disaffirmance or such second
conveyance valid and effectual. Vallandingham v. John-
son, 85 Ky., 289.

The decision of this case consequently depends upon
the simple inquiry whether appellee Baker had, at time
of the sale and conveyance by James Moore to appellant,
adverse possession of the one-fourth interest in question,
in meaning of the section quoted; for if he had the lower
court properly dismissed the action; if he did not, there
was no obstacle in the way of granting to appellant the
relief prayed for.

No case involving the precise question before us has
heretofore been directly submitted to or decided by this
court; but looking to the purpose and meaning of the
champerty statute as we have uniformly interpreted it,
there is but one way to decide the question.

It is well settled that possession may be adverse under

Moore v. Baker.

the statutes of limitation, without being so under the champerty statute. (See Barrett v. Coburn, 3 Met., 510, and authorities there cited.)   Thus, as held in Baily v. Deakins, 5 B. M., 161, though fifteen years' adverse possession by one who entered as tenant will bar the lessor's right of entry, a valid and effectual conveyance may nevertheless be made of the property at any time within that period, without being at all affected by the statute against champerty.   The reason for that difference is, that the lessee or tenant can not until his possession has continued long enough to ripen into a perfect title, question the lessor's right of entry.   And so, as held in Jones v. Chiles, 2 Dana., 35, a conveyance of land by a vender who has obtained a judgment in ejectment is not champertous or void, although the land remained in possession of the defendant, the writ of *habere facias* not having been executed.

The same reason applies to a purchase of real property from an infant, who may, as soon as he arrives at full age, or even before at the suit of his guardian, disaffirm the contract, however solemnly made, and enter into possession.   And every such contract is made with the presumed knowledge by the purchaser of the statute giving to the infant seller the right to disaffirm the contract, and he therefore holds the premises in the interim, not adversely, but subject to the right of entry by the infant seller.   It thus results that appellee did not, nor could according to the meaning and policy of the statute, be regarded as having adverse possession of the one-fourth interest when it was sold to appellant by James Moore. And the judgment is reversed and cause remanded for proceedings consistent with this opinion.