## Puckett v. Jameson, Sheriff.
## Wells v. Jameson, Sheriff.
## Profitt v. Jameson, Sheriff.

(Decided January 28, 1914.)

### Appeals from Lee Circuit Court.

1. Writs—Habere Facias Possessionem—{When Injunction Will Lie to Restrain Sheriff from Executing It.—Neither a judgment awarding a writ of habere facias possessionem, nor the writ itself has any legal force or effect as to one who was not a party or privy to the action in which the judgment was entered and writ issued; and, at his suit, the sheriff may be enjoined from executing such writ as to lands in his possession.

2. Writs—Action to Enjoin Sheriff—Who Necessary Parties.—In such action to enjoin the sheriff, if the petition alleges the plaintiff's ownership of the land of which the sheriff, under the writ of habere facias possessionem, is seeking to dispossess him, the plaintiff or plaintiffs in the writ, as well as the sheriff, are necessary parties to the action. But if it is sought merely to enjoin the sheriff from executing the writ on the ground that the land of which he would dispossess the plaintiff is not embraced in the boundary of land set out in the writ, only the sheriff is a necessary party as defendant.

3. Parties—Defect of—When Disclosed by Petition—When By Plea.—Where a petition or other pleading, on its face, shows a defect of parties, complaint of such defect may be presented by a special demurrer; but if such defect of parties does not appear on the face of the petition or other pleading, it should be disclosed by the answer or other pleading of the opposite party.

4. Parties—When Controversy May Be Determined by the Court Between the Parties Before It—When Others Should Be Parties—Dismissal of Action.—The court may determine any controversy between the parties before it, if it can do so without prejudice to others; if it cannot do so, it must require such other persons to be made parties, or must dismiss the action without prejudice.

H, L. WHEELER and SUTTON & HURST for appellants.

H. S. McGUIRE, H. D. PARRISH for appellees.

OPINION OF THE COURT BY JUDGE SETTLE—Reversing.

These three appeals, styled as above, and involving the same questions, were by agreement submitted together and will be disposed of by this single opinion. It is alleged in the petitions, respectively, that the appellee, Walker Jameson, as sheriff of Lee County, has in his hands a writ of *habere facias possessionem,* issued upon a judgment of the Lee Circuit Court in the case of John M. Smyth, etc. v. Wash Miller, etc., under and by virtue of which he is illegally threatening to dispossess the appellants, respectively, of certain lands particularly described in the petitions, respectively, and that he will dispossess them thereof, unless restrained by an injunction from so doing.

In addition to the formal averments required in obtaining an injunction, it is alleged in each of the petitions that the plaintiffs therein were the owners, and had for more than fifteen years continuously been in the actual adverse possession of the lands therein described; that the appellants, plaintiffs therein, respectively, were not parties or privies to the action in which the writ of *habere facias possessionem* was issued and were not bound by the judgment rendered therein or the writ held by the sheriff; and, further, that the boundary and description of the land set out in the writ do not include the lands, or any of them, claimed by the appellants, and described in the petitions, respectively. A temporary injunction was granted in each case, restraining the appellee sheriff from executing the writ. At the succeeding term of the circuit court appellee filed a special and general demurrer to each of the petitions; the first being interposed upon the ground that the several petitions manifest a defect of parties, in that they do not make the plaintiffs in the action in which the writ of *habere*

*facias possessionem* issued, parties to these actions; and the second upon the ground that the petitions, respectively, do not state a cause of action. The circuit court sustained the special, but overruled the general demurrer, and entered an order requiring appellants to make the plaintiffs in the action in which the writ issued, parties defendant in these actions, and they failing to comply with this order, judgment was entered in each of the cases dismissing the petition and dissolving the injunction. From the several judgments thus rendered, these appeals are prosecuted.

Section 22, Civil Code, provides: "All persons having an interest in the subject of an action and in obtaining the relief demanded may be joined as plaintiffs, unless it is otherwise provided in this Code." Section 23 provides: "Any person may be made a defendant who claims an interest in the controversy adverse to the plaintiff, or who is a necessary party to a complete determination of the question involved in the action." Section 28 provides: "The court may determine any controversy between the parties before it, if it can do so without prejudice to others; if it cannot do so, it must require such other persons to be made parties, or must dismiss the action without prejudice."

A special demurrer for defect of parties will lie only when such defect appears on the face of the pleading to which the demurrer is filed. Section 92, subsection 4, Civil Code. But section 118, Civil Code, provides: "A party may, by an answer or other proper pleading, make any of the objections mentioned in section 92, the existence of which is not shown by the pleading of his adversary; and failure so to do is a waiver of any of said objections, except that to the jurisdiction of the court of the subject of the action." In our opinion a defect of parties was not shown by either of the petitions in question, therefore, the court should have overruled the special demurrer, leaving it to the appellee, the defendant in each of the actions, to show by proper pleading such defect of parties, as provided by subsection 4, section 92, Code. The petitions make no attack upon the judgment rendered in the action in which the writ of possession issued. The plaintiffs therein, respectively, merely contenting themselves with the allegations that

they were neither parties nor privies to that action; that
they are the owners of lands, respectively, of which the
sheriff is threatening to dispossess them; and that these
lands are not included in the boundary set out in the writ
of possession. It is doubtless true that the question of
ownership or title could not be determined by the circuit
court without making the plaintiffs in the action in which
the writ of possession issued, parties; but the question
whether the appellants' lands, respectively, were in-
cluded in the boundary of the land described in the writ
of possession is, it seems to us, one which the court might
have tried without other parties than the appellellants,
respectively, and the sheriff.

But if we are mistaken in this conclusion, it was, in
any event, the duty of the court in dismissing the actions,
because of the failure of the appellants, plaintiffs there-
in, respectively, to make the plaintiffs in the action in
which the writ was issued, parties, to adjudge that such
dismissals were without prejudice; for the dismissals, if
proper at all, were authorized by section 28, Civil Code,
which, as we have already stated, provides that where
the court cannot determine a controversy between the
parties before it, without prejudice to others, ''it must
require such other persons to be made parties, *or must
dismiss the action without prejudice.*'' Carpenter v.
Miles, 17 B. Mon., 598; McAlester v. Savings Bank, 80
Ky., 684; Rudd v. Deposit Bank, 20 R., 1497.

As the judgments appealed from must be reversed
because of the error committed by the circuit court in
sustaining the special demurrer and dismissing the ac-
tions absolutely; and the case will be remanded to that
court for further proceedings, we deem it proper to say
that in overruling the general demurrer to each of the
petitions it did not err. Each of the petitions states a
cause of action, the facts of which, if established by
proof, would entitle the plaintiffs therein to the relief
prayed. If the circuit court had been in session when
the sheriff attempted to execute the writ, appellants
might have moved to quash it; they were not, however,
confined to this remedy, but had the right to apply for
an injunction to restrain the sheriff from dispossessing
them of their lands. Indeed, in view of the necessity for
immediate action, injunction was their only adequate
remedy. The mere facts that appellants were neither

parties nor privies to the suit in which the writ issued, and that the boundary of the land set out in the writ does not include their lands, gives ground for enjoining the sheriff from proceeding to dispossess them. It is an ancient and well-recognized doctrine that only parties and privies to a suit can be dispossessed under a writ *of habere facias possessionem.* The sheriff in executing such a writ acts at his peril. He. could have required a bond of indemnity of the plaintiffs in the writ before proceeding to execute it; but having attempted to pro- ceed without such indemnity, he cannot, in our opinion, justify his acts by showing that some person other than himself is responsible therefor, without at least bringing him forward by disclosing his name in his answer and asking the court to make him a co-defendant with him- self in the action. In Ransdall v. Trisler, 1 Ky. Opin- ions, 226, it was held that a writ of possession can only authorize the dispossessing of the parties to the suit; it has no effect on a stranger. It appears from the opin- ion that Mrs. Trisler and Mrs. Hall occupied different parts of a tract of land claimed by the appellant, Rans- dall, but as their possession was separate and independ- ent of each other, it was held that the proceedings and judgment of Ransdall against Mrs. Hall and her children in nowise affected Mrs. Trisler or her son, B. Trisler; therefore, the court rejected the record of this suit on the motion of B. Trisler to quash the sheriff's return on the writ of possession. And as the writ of possession issued on the judgment of Ransdall against Hall could only authorize the dispossessing of the Halls and their family, the attempted dispossessing of B. Trisler by vir- tue thereof was unauthorized. Furthermore that as Mrs. Trisler, though an original defendant to Ransdall's suit, died during its pendency, and the action had abated as to her and had never been revived against her heirs, they were not bound by the litigation or judgment.

It is admitted that appellants were not parties to the action in which the writ issued; and as they aver that they were not privies thereto, they cannot be in posses- sion of the lands of which they are sought to be dis- possessed as tenants of or claimants under the unsuc- cessful parties in the former action. In Robinson v. Carlton, etc., 123 Ky., 419, we held that injunction would lie to prevent the sale of the plaintiff's land under an

execution issued on a void judgment, although the injunction was obtained in a court other than the one in which the judgment was rendered. In the opinion it is, in part, said: "Accepting as true, for the purpose of the demurrer, the averments of the petition in the case at bar, the judgment under which the execution levied on appellant's land was issued has no legal force or effect as to him 'or his property. Indeed, as to him, it is absolutely void, and this being true, he may attack it collaterly, or by injunction stay proceedings thereon and prevent the sale of his land under the execution issued in pursuance thereof. Whilst, as a general rule, courts of equity will not interpose by injunction to try title, either as to personal or real property, the remedy at law ordinarily being sufficient for that purpose, yet they will do so, in a case of this character, where the real estate of the plaintiff is about to be sold in satisfaction of a judgment which, as to him, is void; or under execution for debt owing by a third party, to prevent irreparable injury to his title, or oppressive litigation growing out of a multiplicity of suits in which he might be involved with purchasers, in the event such sale were permitted. Nor is it necessary, in order to avail himself of the remedy here sought, that appellant should allege the insolvency of appellee, or other facts or reasons showing that a judgment for damages at law would **not** afford adequate relief.  *  *  *"

If, as was properly held in the case supra, injunction will lie to prevent the sale of one's lands under an execution issued on a void judgment, no reason is perceived for saying that injunction is not the proper remedy for preventing him from being dispossessed of his land under a writ of *habere facias possessionem*, issued upon a judgment to which, and the action in which it was rendered, he is a stranger.

For the reasons indicated the judgment in each of the three cases appealed is reversed, and cause remanded for further proceedings consistent with the opinion.

Whole court sitting.