## Mounce, et. al v. Hargis, et al.

(Decided December 11, 1925.)

Appeal from Pulaski Circuit Court.

1. Adverse Possession—Evidence Held Insufficient to Establish Title by Adverse Possession.—In action to establish joint ownership of real property, evidence that ancestor through whom plaintiffs claimed had never personally lived upon land, but had occupied by tenants at certain spasmodic intervals, held insufficient to establish title by adverse possession.

2. Adverse Possession—Facts Necessary to Perfect Title by Adverse Possession Must be Clearly and Unequivocally Shown—Break in Occupancy Fatal to 'Claim.—Since acquisition of title by adverse possession is an appropriation of title of true owner without compensation, facts necessary to perfect it must be clearly and unequivocally shown, and, if there is a break in occupancy for requisite time, so as to destroy its continuity, there will be no ripening of title.

3. Champerty and Maintenance—Champertous Deed of One Coplaintiff would Not be Defense Against Other Plaintiff.—Fact that deed held by one of coplaintiffs in action to establish joint ownership of real property was champertous would not operate as defense against claim of other plaintiff.

4. Tenancy in Common—Joint Tenant's Adverse Possession Presumed to be Known, when Facts are of Such Nature as to Apprise Person of Ordinary Prudence.—Character of joint tenant's occupancy is presumed to be known, when attending facts are of such nature and occupancy is in such manner as to apprise other party or person of ordinary prudence that holding is adverse.

5. Tenancy in Common—Proof of Adverse Possession Held Sufficient to Authorize Finding that Possession was of Notorious and Convincing Nature.—In action to establish joint ownership of real property, held proof that plaintiffs had actual knowledge from time antedating requisite 15 years' occupancy was sufficient to authorize finding that possession was of such notorious and convincing nature as to apprise plaintiffs, as persons of ordinary prudence, of facts which were tantamount to actual knowledge, and to convert presumptive amicable holding by occupant into an adverse one.

WESLEY & SON and DENTON & PERKINS for appellants.

M. L. JARVIS and WM. CATRON for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

The appellants and plaintiffs below, A. M. Mounce and C. D. Moddrell, by this equity action filed against

appellees and defendants below, S. M. Hargis and others, alleged that plaintiffs and defendants were joint owners of undivided interests in a described tract of land in Pulaski county containing about 200 acres, and that it could not be divided without materially impairing its value, and a judgment for its sale and division of the proceeds among the owners in their respective shares was prayed for. It was alleged that J. P. Moddrell, the father of plaintiff C. D. Moddrell, died in Pulaski county in 1893 intestate and the owner of the described land and that it descended to his six heirs jointly, one of whom was the plaintiff, C. D. Moddrell; that Mounce married the daughter of J. B. Moddrell, but she sold her undivided interest to some of defendants or their vendors in 1899, but that plaintiff, Mounce, her surviving husband, purchased from some of the other Moddrell heirs a three-sixths undivided interest in the entire tract in 1910, and that the combined interests of both plaintiffs was a four-sixths interest; while defendants were the owners of the other two-sixths interest. The separate answers of the respective defendants denied that either of the plaintiffs owned any interest whatever in any part of the land, and each of them described in his answer smaller tracts within the boundary, and alleged that the answering defendant owned his particular described tract, the title to which he acquired by the requisite adverse possession for that purpose. There was also a plea of champerty as against plaintiff Mounce. Appropriate pleadings made the issues and upon final submission after preparation the court dismissed the petition, to reverse which plaintiffs prosecute this appeal.

There was an utter failure on the part of plaintiffs to prove a record title in J. D. Moddrell, the ancestor through whom they each claimed ownership; but they attempted to establish title in him by adverse possession, but which we think they failed to do. There was some effort to show that the land was patented in 1804 by a man by the name of Prather, and to show the transfer of that title down to Dr. Ebenezer Thompson, who died in 1873, and it is claimed that J. D. Moddrell purchased the land from Thompson, but, as stated, there is neither record nor other proof that any such purchase was made. Before the death of Thompson one or more small clearings had been made on the land and as many cabin residences constructed. Certain persons after the death of Thompson, and during the life of J. D. Moddrell, occupied

one or more of these cabin residences and it seems that they obtained the permission of the senior Moddrell to move into them, but they paid him no rent and some of them actually claimed the land as their own, but none of them or their successors combined continuously occupied the land for as much as fifteen years under Moddrell's claim of title, so as to perfect it by adverse occupancy. We have held in an unbroken line of opinions that since the acquisition of title by adverse possession was an appro priation of the title of the true owner without compensation, the facts necessary to perfect it must be clearly and unequivocally shown, and that if there was a break in the occupancy for the requisite time so as to destroy its continuity there would be no ripening of title and that the beginning of a new occupancy would commence after such break or breaks. J. D. Moddrell never personally lived upon the land nor was there any evidence that he by himself or servants ever cultivated any of it, and the only occupancy he ever had of it, if any, was by tenants and it, as we have stated, was spasmodic and not for the requisite continuous time.

The court held that the deed obtained from some of the Moddrell heirs by plaintiff, Mounce, in 1910 was champertous with which we are inclined to agree, but that fact, if true, would not operate as a defense against the claim of plaintiff, C. D. Moddrell, since his title, if any, was inherited from his deceased father.

The court also found that defendants had acquired title by adverse possession to the respective portions of the land described in their answers and we are not prepared to take issue with that finding, since the evidence creates no more than a doubt as to its correctness, in which case under the prevailing rule of practice it is our duty to follow the chancellor's ruling. The defendants and their vendors had occupied their respective por tions for the requisite length of time to perfect title by possession if it was truly adverse, but they and their remote vendors took possession of their parcels under deeds from some of the Moddrell heirs purporting to convey the undivided interests in the entire tract of their vendors as heirs of J. D. Moddrell; and it is correctly argued that they thereby became joint tenants with the other Moddrell heirs, and that the latter were never informed nor otherwise acquired knowledge of defendant's adverse holding or the assertion of title by their respective vendors, and the cases of Rush v. Cornett, 169

Ky. 714; Winchester v. Watson, *idem*. 213, and other like ones are relied on to sustain that contention. Those cases held that an occupancy by a joint owner will be presumed to be amicable with the title of the other non-occupying joint owner or owners, and that to create an ouster as against him or them the occupying joint tenant must bring notice to the other or others whom he seeks to oust of title in some form, either by express notification, or from the notorious character of his occupancy, before it will become adverse as against the other or others, and some of the cases say in so many words that in order for such occupancy by joint tenants to become adverse so as to eventually ripen into a title in him, the facts with reference thereto must be known to his nonoccupying co-tenant. But a reading of all the cases will show that the character of a joint tenant's occupancy is presumed to be known when the attending facts are of such a nature and the occupancy is "In such a manner as to apprise the other party, or a person of ordinary prudence, that the holding is adverse." Frazier v. Morris, 161 Ky. 76; Padget v. Decker, 145 Ky. 227, 2 C. J. 267, 1 R. C. L. 741, and Johnson v. Myer, 168 Ky. 432. We are not altogether convinced but that plaintiffs in this case had actual knowledge of the character of occupancy by defendants and their predecessors in title, and that it was adverse and under a claim of absolute ownership. None of the defendants or any of their vendors ever acknowledged title in any of the Moddrell heirs to the portions of the land they occupied and had enclosed. Plaintiff, Mounce, at least had actual knowledge of that fact, not only at the time he obtained his deed in 1910, but long prior thereto, and the defense of champerty as to him was clearly available. But whether he or plaintiff Moddrell, possessed such actual knowledge from a time antedating the requisite 15 years' occupancy or not, the proof is sufficient to authorize the chancellor's finding that it was of such a notorious and convincing nature as to apprise plaintiffs, as persons of ordinary prudence of the facts and which, according to the cases *supra,* is tantamount to actual knowledge and sufficient to convert the presumptive amicable holding by the occupant into an adverse one. The court having so found, we are not prepared under the proof to differ from him.

Wherefore the judgment is affirmed.